E-FILED
Thursday, 07 February, 2008  03:23:31 PM
Clerk, U.S. District Court, ILCD

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

_____

| | |
|---|---|
| OTIS ARRINGTON, | ) |
| | ) |
| Petitioner, | ) |
| v. | )    Case No. 07-CV-2147 |
| | ) |
| GERARDO ACEVADO, Acting Warden,[1] | ) |
| | ) |
| Respondent. | ) |

## OPINION

On July 17, 2007, Petitioner, Otis Arrington, paid the $5.00 filing fee and filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (#1) in the Northern District of Illinois. The case was subsequently transferred to this court.

On October 2, 2007, Respondent, Gerardo Acevado, filed a Motion to Dismiss Habeas Petition as Successive (#13), with attached exhibits. On November 14, 2007, Petitioner filed his Response to the Motion to Dismiss (#16). This court has carefully reviewed the arguments of the parties and the documents submitted to the court. Following this careful review, this court agrees with Respondent that this court does not have jurisdiction over Petitioner's habeas petition. Therefore, Respondent's Motion to Dismiss (#13) is GRANTED.

## BACKGROUND

In March 1990, Petitioner pled guilty in the circuit court of Vermilion County to four counts of aggravated criminal sexual assault, two counts of home invasion, and one count each of residential burglary, armed violence and armed robbery. Petitioner was sentenced to an aggregate term of 60 years' imprisonment. His convictions were affirmed on direct appeal to the Illinois Appellate Court, Fourth District. On July 10, 1996, Petitioner filed a petition under 28 U.S.C. §

---

[1] Gerardo Acevado has replaced Stephen Wright as acting Warden at the Hill Correctional Center, where Petitioner is incarcerated. Accordingly, Gerardo Acevado is substituted as the proper party respondent.

2254 for a writ of habeas corpus by a person in state custody in the Northern District of Illinois.  In his petition, Petitioner stated that he had filed a habeas petition in the circuit court of Vermilion County.  Petitioner used a printed form in filing his federal habeas petition.  The form included the following language:

> CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court.  If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

Petitioner's federal habeas petition was transferred to this court in March 1997 and assigned to United States District Judge Harold A. Baker.  The case was assigned Case No. 2-97-2048.  In the petition, Petitioner claimed: (1) his guilty plea was involuntary because it was based upon a unkept promise of a 25 year sentence; (2) his guilty plea was involuntary in that the judge never asked him if he'd been threatened or promised anything in order to make him plead guilty; (3) his counsel was ineffective at the guilty plea hearing; (4) he was subject to a warrantless arrest; (5) his confession was coerced; (6) his constitutional privilege against self-incrimination was violated; (7) his motion to withdraw his guilty plea was unconstitutionally denied; and (8) he was never indicted by a grand jury.

On January 22, 1998, Judge Baker entered an Order which denied the petition.  Judge Baker stated that Petitioner's claims (3)-(8) had not been raised before the Illinois state courts and were procedurally defaulted.  Judge Baker noted that these claims were not raised in Petitioner's direct appeal and that his state post-conviction petition was dismissed as untimely.  Judge Baker then found Petitioner's claims (1) and (2) to be without merit.  Judge Baker therefore entered judgment in favor of the respondent and against Petitioner.

As noted previously, Petitioner again filed a federal habeas petition in the Northern District

of Illinois on July 17, 2007.  Petitioner raised three grounds for relief: (1) he was promised a sentence of 25 years if he pled guilty; (2) he was arrested in his home without a warrant; and (3) he was denied the effective assistance of counsel.

Petitioner's petition was transferred to this court, and Respondent filed a Motion to Dismiss Habeas Petition as Successive (#13).  Petitioner has filed a response (#16).

ANALYSIS

Respondent argues that the instant petition is a successive petition for habeas relief for which Petitioner neither sought nor received permission from the Seventh Circuit to file.  Respondent therefore contends that this court lacks jurisdiction to consider that petition and must dismiss it. This court agrees.

Because Petitioner filed his Petition after April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1214, applies to this case.  See Lindh v. Murphy, 521 U.S. 320, 336 (1997).  The AEDPA "established a stringent set of procedures that a prisoner 'in custody pursuant to a judgment of a State court,' 28 U.S.C. § 2254(a), must follow if he wishes to file a 'second or successive' habeas corpus application challenging that custody, § 2244(b)(1)."  Burton v. Stewart, ___ U.S. ___, 127 S. Ct. 793, 796 (2007).  In pertinent part, before filing the application in the district court, a prisoner "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A); Burton, 127 S. Ct. at 796.  "A three-judge panel of the court of appeals may authorize the filing of the second or successive application only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2)."  Burton, 127 S. Ct. at 796, citing 28 U.S.C. § 2244(b)(3)(C).

In this case, there is no question that Petitioner has already filed a habeas petition which was considered and denied on the merits.  He had "one clean shot at establishing his entitlement to relief in a federal habeas corpus proceeding."  See Heidelberg v. Chambers, 2007 WL 4404180, at *2

3

(C.D. Ill. 2007), quoting Pavlovsky v. VanNatta, 431 F.3d 1063, 1065 (7th Cir. 2005).  Therefore, his instant petition is a "second or successive" habeas petition for which he did not seek, much less obtain, authorization to file from the Seventh Circuit Court of Appeals.  As a result, this court does not have jurisdiction to entertain the petition.  See Burton, 127 S. Ct. at 796; Heidelberg, 2007 WL 4404180, at *2-3.

In his Response, Petitioner argues that he should be allowed to proceed with his petition. He stated that, following the denial of his first habeas petition, the Illinois appellate court overturned the finding that his post-conviction petition was untimely.  He stated that he had an evidentiary hearing regarding his post-conviction petition in December 2004.[2]

The Supreme Court's decision in Burton forecloses this argument.  In Burton, the petitioner had filed a federal habeas petition in 1998, challenging the constitutionality of his three convictions. Burton, 127 S. Ct. at 795. The standard form the petitioner in Burton filled out included the same language present on the form used by Petitioner, that he risked being "barred from presenting additional grounds at a later date."  Burton, 127 S. Ct. at 795.  At that time, the petitioner in Burton was challenging his sentence in state court proceedings.  After the state courts rejected his sentencing challenges, the petitioner in Burton filed another federal habeas petition in 2002.  Burton, 127 S. Ct. at 796.  The district court denied the second petition and the Ninth Circuit Court of Appeals affirmed.  In doing so, both courts rejected the state's contention that the district court lacked jurisdiction to entertain the petition because the petitioner had not obtained an order from the Court of Appeals authorizing him to file a "second or successive" habeas petition.  Burton, 127 S. Ct. at 796.

The Supreme Court concluded that, in fact, the petitioner's 2002 federal petition was a

---

[2]  Petitioner indicated that he appealed from the denial of the post-conviction petition and also filed a petition for leave to appeal to the Illinois Supreme Court.  He did not give any dates for the disposition of his appeals.  However, this court's research shows that, on November 29, 2006, the Illinois Supreme Court denied a petition for leave to appeal filed by Petitioner.

"second or successive" petition and that the district court was without jurisdiction to entertain it. Burton, 127 S. Ct. at 796-99.  The Court noted that the form the petitioner "used in filing his first petition warned of just that consequence." Burton, 127 S. Ct. at 797.  The Court concluded that the Ninth Circuit erred in supposing that a petitioner with unexhausted claims, who elected to proceed to adjudication of his exhausted claims, could later assert that a subsequent petition was not "second or successive" because he had unexhausted claims at the time he filed his first petition.  Burton, 127 S. Ct. at 797.  The Supreme Court stated that "[s]uch a result would be inconsistent with both the exhaustion requirement, with its purpose of reducing 'piecemeal litigation,'" and the "AEDPA, with its goal of 'streamlining federal habeas proceedings." Burton, 127 S. Ct. at 797 (citations omitted).

Based upon Burton, the fact that Petitioner here continued to pursue claims in the state courts after his first habeas petition was denied does not change the fact that his current petition is "second or successive." See Burton, 127 S. Ct. at 797.  In fact, in this case, Petitioner appears to be raising some of the same claims he raised in his first petition.  See Heidelberg, 2007 WL 4404180, at *2 (noting that a claim raised in a prior application must be dismissed).  For all of the reasons stated, Respondent is correct that this court is without jurisdiction to entertain Petitioner's petition and it must be dismissed.  See Heidelberg, 2007 WL 4404180, at *3.

IT IS THEREFORE ORDERED THAT:

(1) Gerardo Acevado is substituted as the proper party respondent.

(2)  Respondent's Motion to Dismiss Habeas Petition as Successive (#13) is GRANTED. Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (#1) is dismissed for lack of jurisdiction.

(3) This case is terminated.

ENTERED this   7th   day of February, 2008

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY

5

CHIEF U.S. DISTRICT JUDGE